**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JERZY JAREK, EFREN HERRERA, and ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, <br><br> Plaintiffs, <br><br> v. <br><br> FOX VALLEY MASONRY CONSTRUCTION INC., BERNADETTA WALASZEK, and PAWEL WALASZEK, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     Case No.  26-CV-9026 |

**COMPLAINT**

Plaintiffs Jerzy Jarek ("Jarek"), Efren Herrera ("Herrera"), and Administrative District

Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO

("Union") (together "Plaintiffs"), through their attorneys, Dowd, Bloch, Bennett, Cervone,

Auerbach & Yokich, LLP, by way of complaint against Fox Valley Masonry Construction Inc.

("Fox Valley"), Bernadetta Walaszek, and Pawel Walaszek (together, "Defendants"), state as

follows.

**INTRODUCTION, JURISDICTION, AND VENUE**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"), and the

Employee Classification Act, 820 ILCS 185/1, *et seq*. ("ECA"), and seeks recovery for

Defendants' (1) failure to pay overtime rates for hours worked in excess of 40 in a week and (2) misclassification of employees, along with other relief.

2. This Court has jurisdiction over Count I under 28 U.S.C. § 1331 as that count presents a federal question, and it has jurisdiction over Counts II, III and IV under 28 U.S.C. § 1337 as those counts present claims that are so related to the claims in Count I as to present part of the same case or controversy.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the facts and events giving rise to the claims presented here occurred in this district, and because the parties to this suit reside within this district.

**PARTIES**

4. Jarek resides within this judicial district and at the relevant times was an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e); the IMWL, 820 ILCS 105/3(d); and the ECA, 820 ILCS 185/10; and was also an "interested party" and a "person aggrieved" within the meaning of the ECA, 820 ILCS 185/5 and 820 ILCS 185/60.

5. Herrera resides within this judicial district and at the relevant times was an "employee" of the Defendants within the meaning of the ECA, 820 ILCS 185/10; and is also an "interested party" and a "person aggrieved" within the meaning of the ECA, 820 ILCS 185/5 and 820 ILCS 185/60.

6. The Union is a labor organization that maintains its principal place of business and transacts business within this judicial district and is an "interested party" within the meaning of the ECA, 820 ILCS 185/5 and 820 ILCS 185/60.

7. Fox Valley is an Illinois corporation with its principal place of business in this judicial district, transacts and has transacted business within this district, and is an "employer"

2

within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the ECA, 820 ILCS 185/5.

8.     Fox Valley was, at the relevant times, Jarek's and Herrera's "employer" within the meaning of the FLSA, the IMWL, and the ECA.

9.     Bernadetta Walaszek is an individual who resides and transacts business within this district and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the ECA, 820 ILCS 185/5.

10.     Bernadetta Walaszek is Fox Valley's president, director, registered agent, and, on information and belief, sole owner; at the times relevant to this action, she maintained and exercised control over Fox Valley's operations; had and exercised the authority over (1) hiring and firing of Fox Valley's employees, and (2) decisions regarding employee compensation and capital expenditures; and was Jarek's and Herrera's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the ECA, 820 ILCS 185/5.

11.     Pawel Walaszek is an individual who resides and transacts business within this district and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the ECA, 820 ILCS 185/5.

12.     Pawel Walaszek is an agent of Fox Valley and at the times relevant to this action, he managed Fox Valley's day-to-day operations; had and has exercised the authority to (1) hire, fire, and schedule Fox Valley's employees, (2) direct and supervise the work of Fox Valley's employees, and (3) make decisions regarding employee compensation and capital expenditures; and was Jarek's and Herrera's "employer" within the meaning of the FLSA, the IMWL, and the ECA.

## COMMON FACTS

13. Jarek is an experienced employee in the masonry trade and is a member of the Union.

14. Herrera is an experienced employee in the masonry trade and is a member of the Union.

15. On or around May 4, 2025, Jarek applied for employment with Fox Valley.

16. Pawel Walaszek hired Jarek as a bricklayer for Fox Valley on or about May 6, 2025.

17. On or about August 27, 2025, Herrera applied for employment as a bricklayer with Fox Valley, and Herrera began working for Fox Valley on August 28, 2025.

18. Between approximately May 6, 2025, and approximately April 10, 2026, Jarek worked as a bricklayer for Fox Valley, performing work for and receiving direction and supervision from Pawel Walaszek in ways similar to what he has encountered in previous employment and what is typical for an employer-employee relationship in the construction industry.

19. During his employment, Jarek was paid a fixed rate of $38.00 an hour with no deductions for federal or state taxes or for Social Security or Medicare, with no payment of the employer share of payroll taxes, and with no time and one-half for overtime.

20. Between approximately August 28, 2025, and approximately September 9, 2025, Herrera worked as a bricklayer for Fox Valley, performing work for and receiving direction and supervision from Pawel Walaszek in ways similar to what he has encountered in previous employment and what is typical for an employer-employee relationship in the construction industry.

4

21. During his employment, Herrera was paid a fixed rate of $35.00 an hour in cash, with no deductions for federal or state taxes or for Social Security or Medicare and with no payment of the employer share of payroll taxes.

22. While Jarek was working for Fox Valley, Pawel Walaszek informed Jarek that Jarek would be responsible for paying all taxes.

**COUNT I**
**Violations of the Fair Labor Standards Act - Overtime Wages**
**(Jarek v. Defendants)**

23. Jarek incorporates and realleges paragraphs 1 through 22 of this complaint as though set forth in their entirety.

24. This count arises from Defendants' violation of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Jarek at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours during various work weeks.

25. Jarek worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

26. Defendants were Jarek's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. During the course of his employment by Defendants, Jarek was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

28. Defendants directed Jarek during the course of his employment with them to work in excess of 40 hours in individual work weeks, and Jarek did so.

29. Pursuant to 29 U.S.C. § 207, Jarek was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

5

30. Defendants did not compensate Jarek at the rate of one and one-half times his regular rate for pay for all time worked in excess of 40 hours in various work weeks.

31. Defendants' failure to pay Jarek overtime wages at a rate of one and one-half times his hourly rate of pay for all time worked in excess of 40 hours a week violated the FLSA, 29 U.S.C. § 207.

32. Defendants' violation of the FLSA, by failing to pay Jarek overtime wages for all time worked in excess of 40 hours in individual work weeks, was willful.

WHEREFORE, Jarek asks this Court to enter judgment against Defendants, jointly and severally, as follows:

A. Ordering them to pay him the difference between the amount equal to one and one-half times his regular rate and the amount they actually paid him for all time he worked in excess of 40 hours in a week;

B. Ordering them to pay him liquidated damages in an amount equal to the amount of unpaid wages for which they are found liable to him;

C. Ordering them to pay his reasonable attorneys' fees and costs of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Jarek v. Defendants)

33. Jarek incorporates and realleges paragraphs 1 through 22 of this complaint as though set forth in their entirety.

34. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1, *et seq.*, by failing to pay overtime wages to Jarek at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours during individual work weeks.

35. Defendants were Jarek's "employer[s]" as defined in the IMWL, 820 ILCS 105/3(c), and Jarek was Defendants' "employee" within the meaning of the IMWL.

36. Pursuant to 820 ILCS 105/4a, Jarek was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

37. Defendants' failure to pay Jarek overtime wages at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks violated the IMWL, 820 ILCS 105/4a.

WHEREFORE, Jarek asks this Court to enter judgment against Defendants, jointly and severally, as follows:

    A. Ordering them to pay him three times the difference between the amount equal to one and one-half times his regular hourly rate of pay and the amount they actually paid him for all time he worked in excess of 40 hours in a week;

    B. Ordering them to pay him damages of 5% of the amount of all underpayments for each month following the date of payment during which underpayments have remained unpaid;

    C. Ordering them to pay his reasonable attorneys' fees and costs of this action; and

    D. Granting such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Employee Classification Act
### (Jarek and Herrera v. Defendants)

38. Jarek and Herrera incorporate and reallege paragraphs 1 through 22 of this complaint as though set forth in their entirety.

39. This count arises from Defendants' violation of the ECA, 820 ILCS 185/1, *et seq.,* by failing to classify Jarek and Herrera properly as "employees."

40. Defendants Fox Valley is a corporation that engages in "[c]onstruction" and Defendants Bernadetta Walaszek and Pawel Walaszek are individuals who engage in "[c]onstruction" within the meaning of the ECA, and therefore each Defendant is a "[c]ontractor" within the meaning of the ECA, 820 ILCS 185/5.

41. Defendants employed Jarek, Herrera, and other employees in "[c]onstruction" as defined by the ECA, 820 ILCS 185/5; and during the course of their employment, Jarek, Herrera, and other employees were Defendants' "employees" within the meaning of 820 ILCS 185/10.

42. Even though Jarek and Herrera did not meet the requirements set forth in 820 ILCS 185/10(b) and (c) for being treated and classified as something other than "employee[s]," Defendants knowingly and willfully classified and treated Jarek and Herrera as "sole proprietors" or "independent contractors" by failing to (1) comply with the requirements of the FLSA and IMWL as described in Counts I and II, (2) pay unemployment benefits on their behalf as required by Illinois law, (3) provide workers' compensation coverage for them as required by Illinois law, (4) pay the employer share of Social Security and Medicare on their behalf, and (5) provide them with other employment benefits due to them.

43. On information and belief, Defendants have engaged in the same misconduct and improper classification with respect to their other employees.

44. During their employment with Defendants, Jarek and Herrera were denied the benefits and rights of "employees" under Illinois law by Defendants' misclassification scheme and therefore are "interested part[ies]" and "person[s] aggrieved" under the ECA, 820 ILCS 185/5 and 820 ILCS 185/60.

45. In addition to each being a "[c]ontractor" and an "[e]mployer" within the meaning of 820 ILCS 185/5, Bernadetta Walaszek is an officer of a corporation "who knowingly permit[ted] [Fox Valley] to violate the provisions of" the ECA within the meaning of 820 ILCS 185/63.

46. In addition to being both a "[c]ontractor" and an "[e]mployer" within the meaning of 820 ILCS 185/5, Pawel Walaszek is an agent of a corporation "who knowingly permit[ted] [Fox Valley] to violate the provisions of" the ECA within the meaning of 820 ILCS 185/63.

47. The Defendants have violated the ECA by failing to (1) classify Jarek, Herrera, and other employees as "employee[s]," (2) pay them the required minimum wages, overtime wages, and other earned wages, (3) pay the employer share of Social Security and Medicare on them, and (4) pay unemployment compensation on them and cover them by workers' compensation, and (5) provide them with other employment benefits due to them; and unless they are restrained from doing so, they will continue to commit such violations.

48. The Defendants have acted and continue to act willfully in violating the ECA.

WHEREFORE, Jarek and Herrera ask this Court to enter judgment against Defendants, jointly and severally, as follows:

A. Ordering them to pay Jarek the difference between the amount equal to one and one-half times his regular rate of pay and the amount they actually paid him for all time he worked in excess of 40 hours in a week;

B. Ordering them to pay Jarek liquidated damages in an amount equal to the amount of unpaid wages;

C. Ordering them to pay the employer share of Social Security and Medicare on Jarek's and Herrera's wages;

C. Ordering them to pay compensatory damages to Jarek and Herrera;

D. Ordering them to pay statutory damages to Jarek and Herrera equal to $500 for each violation of the ECA, with respect to Jarek, Herrera, and all other improperly classified employees;

E. Ordering them to pay Jarek and Herrera their reasonable attorneys' fees and costs of this action;

F. Ordering them to cease and desist from violating the ECA by improperly classifying employees; and

9

G.      Granting such other and further relief as this Court deems just and proper.

## COUNT IV
### Violation of the Employee Classification Act
### (Union v. Defendants)

49.      The Union incorporates and realleges paragraphs 1 through 22, and 38 through 48 of this complaint as though set forth in their entirety.

50.      Even though Jarek, Herrera, and other unnamed employees did not meet the requirements set forth in 820 ILCS 185/10(b) and (c) for being treated and classified as something other than "employee[s]," Defendants knowingly and willfully classified and treated them as "sole proprietors" or "independent contractors" by failing to (1) comply with the requirements of the FLSA and IMWL as described in Counts I and II, (2) pay unemployment benefits on their behalf as required by Illinois law, (3) provide workers' compensation coverage for them as required by Illinois law, (4) pay the employer share of Social Security and Medicare on their behalf, and (5) provide them with other employment benefits due to them.

51.      The Union comprises and represents employees in the masonry trade and the ability of those employees to receive fair wages and benefits, and the ability of the Union to represent those employees, are undermined by contractors such as the Defendants who gain an unfair competitive advantage over legitimate contractors, many of which have collective bargaining relationships with the Union, by misclassifying employees and avoiding the financial and work-related obligations that apply when employees are improperly classified; and the Union therefore has an interest in compliance with the ECA and is an "interested party" within the meaning of 820 ILCS 185/5.

52.      The Union is also an "interested party" within the meaning of 820 ILCS 185/5 and 820 ILCS 185/60 because Jarek and Herrera are members of the Union.

53. The Defendants have violated the ECA by failing to (1) classify Jarek, Herrera, and other unnamed employees properly as "employee[s]," (2) pay them the required minimum wages, overtime wages, and other earned wages, (3) pay unemployment compensation on them and cover them by workers' compensation, (4) pay the employer share of Social Security and Medicare on their behalf, and (5) provide them with other employment benefits due to them; and unless restrained from doing so, they will continue to commit such violations.

WHEREFORE, the Union asks this Court to enter judgment against Defendants, jointly and severally, as follows:

A. Ordering them to cease and desist from violating the ECA by improperly classifying employees; and

B. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ David P. Lichtman
David P. Lichtman

Attorney for Jerzy Jarek , Efren Herrera, and
Administrative District Council 1 of Illinois of the
International Union of Bricklayers and Allied
Craftworkers, AFL-CIO

David P. Lichtman
Barry M. Bennett
DOWD, BLOCH, BENNETT, CERVONE,
 AUERBACH & YOKICH, LLP
8 S. Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361
dlichtman@laboradvocates.com
bbennett@laboradvocates.com